**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **LESTER PARKER, III, and** | ] | |
| **LESTER PARKER, IV** | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **No. 2:12-0108** |
| | ] | **Judge Sharp** |
| **MICHAEL LOFTUS, et al.** | ] | |
| **Defendants.** | ] | |

**M E M O R A N D U M**

The plaintiffs, proceeding *pro se,* are residents of Alcoa, Tennessee. They bring this action pursuant to 42 U.S.C. § 1983 against Michael Loftus, a Tennessee State Trooper; the "State of Tennessee Highway Patrol Department"; the Cookeville, Tennessee Police Department; and the City of Cookeville; seeking damages.

In his statement of Facts, the plaintiffs have neglected to set forth any factual allegations to support a claim against the defendants. *See* Docket Entry No. 1 at pg. 2. Instead, the statement of Facts consists of nothing more than the notation "See enclosed attachment/complaints". The attachments to the complaint include a complaint registered against a member of the Tennessee Department of Safety ("Michael Lofton") and a complaint filed with the Board of Professional Responsibility against two members of the Putnam County Public Defenders Office.[1]

A review of the attachments suggest that the younger plaintiff, Lester Parker, IV, was

---

[1] Those named in the complaint filed with the Board of Professional Responsibility have not been identified as defendants in the instant action.

stopped by Trooper Loftus for a traffic violation on the interstate. From this traffic stop, the plaintiffs allege an unreasonable search and seizure, a deprivation of due process, a false arrest, and negligent supervision.

*Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim which the plaintiffs have not spelled out in their complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. Wells, *supra*. The plaintiffs must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

In this case, the plaintiffs have neglected to provide any factual background to describe the traffic stop. The where and when of the traffic stop is not found in the complaint or its attachments. The plaintiffs have not identified whether the younger Parker was arrested and, if so, on what charge. Thus, probable cause for an arrest is unclear. Nor have the plaintiffs stated whether the search of plaintiff's vehicle was consensual. *See* Thacker v. City of Columbus, 328 F.3d 244 (6th Cir. 2003)(to state a claim for false arrest, the plaintiffs must demonstrate, at a minimum, that there was no probable cause to justify the arrest).

In addition, no claims against the City of Cookeville and the Cookeville Police Department can be found in either the complaint or its attachments. There are no factual allegations set forth that would support a claim of negligent training or supervision. Nor are there factual allegations from which it could be inferred that the father, Lester Parker, III, is in any way entitled to relief for the alleged violation of his son's constitutional rights.

Consequently, the plaintiffs have failed to state a claim upon which relief can be granted.

Because the plaintiffs are now proceeding in forma pauperis, the Court is obliged to *sua sponte* dismiss the instant action. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Kevin H. Sharp
United States District Judge